UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

OLUFISAN EPEBINU

      Plaintiff,

V.                                                                    CIVIL ACTION NO

PROCOLLECT, INC.

Defendant.                                                        August 28, 2015

## COMPLAINT

Plaintiff, sues Defendant a non-licensed collection agency, which is illegally doing business in Maryland and alleges:

## I. PRELIMINARY STATEMENT

1. This is an action brought pursuant to 15 D.S.C. § 1692, *et sequi,* known more commonly as the "Fair Debt Collection Practices Act" ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## II. JURISDICTION

2. The jurisdiction of this Court arises under 15 U.S.C. §1692k and 28 U.S.C. §1337.

## Ill. ALLEGATIONS AS TO PARTIES

3. Plaintiff is a resident of Germantown, Maryland.

4. At all times material hereto, Defendant, Procollect, Inc., ("Collection Agency), <u>was not</u> licensed as a collection agency as required by the Maryland Department of Financial Regulation.

5. At all times material hereto, Defendant was doing business in Maryland.

6. At all times material hereto, Defendant, was acting like a licensed collection agency

with a principal place of business at 12170 N. Abrams Rd., Suite 100, Dallas, Texas 75243.

7. Defendant is or was engaged in the collection of debts from consumers using the mail and telephone. Defendant attempted to collect consumer debts alleged to be due to another in the State of Maryland.

## IV. FACTUAL ALLEGATIONS

8. Defendant is the collection agent for "Tierra Del Sol Apartments" and regularly collected or attempted to collect monies from consumers for delinquent or alleged delinquent personal debt. (Apartment rent). See Exhibit "1".

9. On or about May 1, 2015, Defendant communicated with the Plaintiff for the purpose of collecting monies for an alleged delinquent rent purportedly owed by plaintiff.

## V. DEFENDANTS' PRACTICES

10. It is or was the policy and practice of Defendant to communicate with Maryland consumers in a manner which was reasonably calculated to confuse or frustrate, or mislead MD consumers in violation of the FDCPA §1692e.

11. Defendant communicated with the Plaintiff and attempted to collect this alleged debt.

12. Defendant reported this account to the credit bureaus, despite Plaintiff's timely written dispute, and failed to validate the debt.

## VI. ALLEGATIONS OF LAW

**A. General**

13. At all times material hereto, plaintiff was a "consumer" as said term is defined under 15 U.S.C. §1692a (3).

14. At all times material hereto, "Tierra Del Sol Apartments", represented by Defendant was a "creditor" as said term is defined under 15 U.S.C. §1692a (4).

15. At all times material hereto, the amount purportedly owed to "Tierra Del Sol Apartments" represented by Defendant was a "debt" as said term is defined under 15 U.S.C. §1692a (5).

**A. Unlawful Claim**

16. With respect to the attempt by Defendant to collect the alleged debt as more particularly described above, the conduct of Defendant violated the FDCPA, including but not limited to:

   a. The use of false representations, deceptive or misleading representations or means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692e.

   b. The collection of a debt without the proper license as required by MD Collection Agency Act.

   c.  See Md. BUSINESS REGULATION Code Ann. § 7-305, which requires  (a) Scope of license. -- A license authorizes the licensee to do business as a collection agency at only 1 place of business (2014).

   d. The Defendant lists an address on their collection letter of P.O. Box 550369l, Dallas, TX.  That address is not licensed with MD Dept of Financial Regulation.

17.  As a result of Defendant's' conduct, Plaintiff is entitled to an award of actual and statutory damages pursuant to 15 U.S.C. §1692k.

18.  Plaintiff is entitled to an award of costs and attorneys fees pursuant to 15 U.S.C. § 1692k.

**WHEREFORE, Plaintiff, an individual, requests judgment be entered in her favor against Defendant for:**

   1.    Actual and statutory damages pursuant to 15 U.S.C. §1692k;

   2.    An award of costs and attorney's fees pursuant to 15 U.S.C. § 1692k; and

   3.    Such other and further relief as the Court may deem just and equitable.

THE PLAINTIFF

BY /S/Bernard T. Kennedy
Bernard T. Kennedy, Esquire
The Kennedy Law Firm
P.O. Box 673
Blairsville, GA 30514
Ph  (443) 607-8901
Fax (443) 440-6372
Fed. Bar # Md26843
bernardtkennedy@yahoo.com